# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CRAIG GEBO,**

        **Plaintiff,**

      **v.**                                          **CIVIL ACTION NO. 17-11308-DJC**

**OLD COLONY CORRECTIONAL CENTER,**
**ERIN GAFFNEY, EMILY HOLMES,**
**PATTY DAVENPORT-MELO, KIELY DESPINA,**
**RANDY WEINER, and MPCH HEALTH CENTER,**

        **Defendants.**

## <u>ORDER</u>

**CASPER, J.**                                        September 29, 2017

       1.      Upon receipt of supplemental documentation (D. 10), the Court reconsiders its July 31, 2017 Order (D. 9), and plaintiff's motion for leave to proceed *in forma pauperis* (D. 2) is <u>ALLOWED</u>. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $110.71.[1] The remainder of the fee, $239.29, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at Old Colony Correctional Center, along with the standard Notice to Prison form. Because the plaintiff is proceeding *in forma pauperis* and is a prisoner his complaint is subject to screening pursuant to 28 U.S.C. §1915 and §1915A.

---

[1] The Court is in receipt of information from February 3, 2017 through August 3, 2017. This period only covered an approximately five month period prior to July 13, 2017, the date the complaint was filed. Accordingly, the Court calculates plaintiff's filing fee obligation based upon the information provided for this period prior to the filing of this action, including an amount transferred into his current institution.

2.     Defendant Old Colony Correctional Center is <u>DISMISSED</u> because it "is merely a building and therefore is not an entity subject to suit." <u>Velazquez v. Old Colony Corr. Ctr.</u>, No. CIV.A. 12-11926-FDS, 2013 WL 812490, at *2 (D. Mass. Mar. 1, 2013).

3.     Plaintiff's motion for appointment of counsel (D. 3) is <u>DENIED</u> without prejudice. The Court may request an attorney to represent plaintiff if it finds that: (1) plaintiff is indigent and (2) "exceptional circumstances" exist such that the denial of counsel will likely "result in fundamental unfairness impinging on his due process rights." <u>DesRosiers v. Moran</u>, 949 F. 2d 15, 23 (1st Cir. 1991); 28 U.S.C. §1915(e)(1).   While the plaintiff is indigent, the motion for appointment is premature and the plaintiff has not identified exceptional circumstances warranting the appointment of counsel.

4.     The Clerk shall issue summonses for service of the complaint on the remaining defendants.

5.     The Clerk shall send the summonses, complaint, and this Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service.  If directed by the plaintiff to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States.  Notwithstanding this Order to the United States Marshal Service, it remains plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

**So Ordered.**

_____/s/ Denise J. Casper_____
**UNITED STATES DISTRICT JUDGE**